UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

| | |
|---|---|
| **ERICA HARDEN**, an individual,<br><br>Plaintiff,<br><br>v.<br><br>**EVERGLADES COLLEGE, INC.** (d/b/a Keiser University), a Florida corporation,<br><br>Defendant. | CIVIL ACTION<br><br>Case No. 2:21-cv-705<br><br>Judge:<br><br>Mag. Judge: |

## COMPLAINT AND DEMAND FOR JURY TRIAL

**NOW COMES** the Plaintiff, **ERICA HARDEN** ("**HARDEN**" or "Plaintiff") by and through undersigned counsel, and states the following for her Complaint:

## CAUSES OF ACTION

1. This is an action brought under the Family & Medical Leave Act (FMLA) and Florida's Private Whistleblower Act (FWA) for (1) interference in violation of the FMLA, (2) retaliation in violation of the FMLA, and (3) retaliation in violation of the FWA.

## PARTIES

2. The Plaintiff, **ERICA HARDEN** ("**HARDEN**") is an individual and a resident of Florida who at all material times resided in Collier County, Florida. At all material times, **HARDEN** was employed by the Defendant as an administrative

1


...


assistant to the Defendant's campus president. **HARDEN** performed work for the Defendant in Collier County, Florida, which is within the Middle District of Florida, during the events giving rise to this case. **HARDEN** was an employee within the contemplation of the FMLA and FWA. Venue for this action lies in the Middle District of Florida, Fort Myers Division.

3. The Defendant, **EVERGLADES COLLEGE, INC.** ("**COLLEGE**" or Defendant) is a Florida corporation. The Defendant employs in excess of 50 employees, and was **HARDEN**'s employer within the meaning of the FMLA and FWA.

## JURISDICTION AND VENUE

4. This Court has jurisdiction of this matter under 28 U.S.C. §1331, and supplemental jurisdiction over the state law claims under 28 U.S.C. §1367.

5. Venue is proper in the United States District Court for the Middle District of Florida because the Plaintiff resides in, and the Defendant conducts business in, and some or all of the events giving rise to Plaintiff's claims occurred in Collier County, Florida, which is within the Middle District of Florida. Venue is proper in the Fort Myers Division under Local Rule 1.02(b)(5) since the action accrued primarily in Collier County, which is within the Collier Division.

## GENERAL ALLEGATIONS

6. **HARDEN** began her employment with the Defendant on August 27, 2018.

7. **HARDEN** performed her assigned duties in a professional manner and was very well qualified for her position.

8. In or about October 2020, **HARDEN** developed a serious health condition for which she required medical leave.

9. From October 2020 to June 2021, **HARDEN** took intermittent FMLA leave, which her supervisor frequently complained of.

10. Almost immediately thereafter, **HARDEN**'s supervisor began to retaliate against her by issuing unwarranted criticisms.

11. On or about June 8th and 10th, 2021, **HARDEN** learned that another one of her female coworkers was being sexually harassed by a male employee of the Defendant.

12. Accordingly, **HARDEN** sent an email to the Defendant requesting a meeting to report the same on June 8th and 10th, 2021.

13. At that time, other female employees also contacted the Defendant to report very similar sexual harassment.

14. As a result, the Defendant purported to open an investigation, which **HARDEN** participated in by way of disclosing the sexual harassment she knew of during interviews with the Defendant's investigator.

15. The information **HARDEN** disclosed included allegations of unwanted physical touching, invasion of personal space, crude sexual comments, attempts to have female coworkers stay at a hotel alone with him, and

unwanted/unrequited attempts to initiate sexual relationships with female employees.

16. **HARDEN** also disclosed that the Defendant had known of many of the above instances of sexual harassment but had not taken any prompt, remedial action to correct the same.

17. **HARDEN** disclosed the above alleged violations of Title VII of the Civil Rights Act of 1964 and the Florida Civil Rights Act to the Defendant's investigator during her interview on June 14, 2021.

18. Without cause, the Defendant terminated **HARDEN** just two days later (June 16, 2021).

19. Consequently, the Defendant discriminated against **HARDEN** by terminating her employment due to her exercising her right to take FMLA leave, and further retaliated against her for exercising her rights under the FWA.

## COUNT I – VIOLATION OF THE FAMILY MEDICAL LEAVE ACT ("FMLA")- INTERFERENCE

20. The Plaintiff hereby incorporates by reference Paragraphs 1-10 and 19 in this Count by reference as though fully set forth below.

21. **HARDEN** qualified for FMLA leave under 29 U.S.C. § 2611(11); 29 CFR §§ 825.113(a); 825.800 since she herself began suffering from a serious health condition, had worked for more than 1,250 hours in the previous 12 months, the

FMLA defining a serious health condition as an illness, injury, impairment, or physical or mental condition that involves treatment by a health care provider.

22. **HARDEN** informed the Defendant of her likely need for leave for her own serious health condition.

23. The Defendant was responsible for designating leave as FMLA-qualifying and for giving notice of the designation within five business days, absent extenuating circumstances, after it has enough information to make that determination, such as when it receives medical certification.

24. If the Defendant were to have decided that **HARDEN**'s absence was **not** FMLA-qualifying, it must have notified her of this fact in the Designation Notice under 29 CFR § 825.300(d)(1).

25. The Defendant has never provided **HARDEN** with any notice disqualifying her FMLA leave.

26. In fact, the Defendant should have determined that **HARDEN** was eligible for leave under the FMLA and yet refused to allow her leave and return her to work, thus terminating her employment because of her request for federally protected medical leave.

27. **HARDEN** engaged in activity protected by the FMLA when she requested and took FMLA leave due to a serious health condition.

28. The Defendant knew, or should have known, that **HARDEN** was exercising her rights under the FMLA and was aware of **HARDEN**'s need for FMLA-protected absence.

29. **HARDEN** complied with all of the notice and due diligence requirements of the FMLA.

30. The Defendant was obligated, but failed, to allow **HARDEN** to take FMLA leave and to return **HARDEN**, an employee who requested FMLA leave, to her former position or an equivalent position with the same pay, benefits, and working conditions when she tried to return to work under 29 U.S.C. § 2614(a)(1); 29 CFR § 825.215(a).

31. A causal connection exists between **HARDEN**'s request for FMLA-protected leave and her termination from employment with the Defendant because the Defendant denied **HARDEN** a benefit to which she was entitled under the FMLA.

32. As a result of the above-described violations of FMLA, **HARDEN** has been damaged by the Defendant in the nature of lost wages, salary, employment benefits and other compensation and is therefore entitled to recover actual monetary losses, interest at the prevailing rate and liquidated damages.

WHEREFORE, Plaintiff requests trial by jury of all issues so triable as of right, an award of damages for lost wages and benefits, prejudgment interest, and liquidated damages under 29 U.S.C. § 2617(a)(1)(A), reinstatement or such other

legal or equitable relief as may be appropriate, and an award of reasonable attorney's fees and costs as authorized under 29 U.S.C. § 2617(3), and any other such damages as this honorable Court deems just.

### COUNT II – VIOLATION OF THE FAMILY & MEDICAL LEAVE ACT ("FMLA")- RETALIATION

33. The Plaintiff hereby incorporates by reference Paragraphs 1-10 and 19 in this Count by reference as though fully set forth below.

34. **HARDEN** qualified for FMLA leave under 29 U.S.C. § 2611(11); 29 CFR §§ 825.113(a); 825.800 since she suffered from a serious health condition, the FMLA defining a serious health condition as an illness, injury, impairment, or physical or mental condition that involves treatment by a health care provider and **HARDEN** worked more than 1,250 hours in the preceding 12 months of employment with the Defendant.

35. **HARDEN** informed the Defendant of her need for leave due to her serious health conditions.

36. The Defendant was responsible for designating leave as FMLA-qualifying and for giving notice of the designation within five business days, absent extenuating circumstances, after it has enough information to make that determination, such as when it receives medical certification.

37. If the Defendant were to have decided that **HARDEN**'s expected absence was not FMLA-qualifying, it must have notified her of this fact in the Designation Notice under 29 CFR § 825.300(d)(1).

38. The Defendant has never provided **HARDEN** with any notice disqualifying her FMLA leave.

39. In fact, the Defendant determined that **HARDEN** was eligible for leave under the FMLA but then terminated her employment because of her request for federally protected medical leave and required reinstatement.

40. **HARDEN** engaged in activity protected by the **FMLA** when she requested leave due to her serious health conditions, consistently informing the Defendant of the same.

41. The Defendant knew that **HARDEN** was exercising her rights under the FMLA.

42. **HARDEN** complied with all of the notice and due diligence requirements of the FMLA.

43. A causal connection exists between **HARDEN**'s request for and taking of FMLA-protected leave and required reinstatement and the Defendant's termination of her employment.

44. The Defendant retaliated by altering the terms and conditions of **HARDEN**'s employment by terminating **HARDEN**'s employment because she engaged in the statutorily protected activity of requesting and taking FMLA leave.

The Defendant terminated her because she engaged in this statutorily protected activity.

45. The Defendant engaged in willful and intentional retaliation in violation of the FMLA by terminating **HARDEN**'s employment because she engaged in activity protected by the FMLA. As a result of the above-described violations of FMLA, **HARDEN** has been damaged by the Defendant in the nature of lost wages, salary, employment benefits and other compensation and is therefore entitled to recover actual monetary losses, interest at the prevailing rate and liquidated damages.

WHEREFORE, Plaintiff requests trial by jury of all issues so triable as of right, an award of damages for lost wages and benefits, prejudgment interest, and liquidated damages under 29 U.S.C. § 2617(a)(1)(A), reinstatement or such other legal or equitable relief as may be appropriate, and an award of reasonable attorney's fees and costs as authorized under 29 U.S.C. § 2617(3), and any other such damages as this honorable Court deems just.

### COUNT III –VIOLATION OF FLORIDA STATUTE 448.102: FLORIDA'S PRIVATE WHISTLEBLOWER ACT

46. Plaintiff incorporates by reference Paragraphs 1-19 of this Complaint as though fully set forth below.

47. **HARDEN** was an employee of the Defendant, a private company.

9

48. At all material times, **HARDEN** was to be protected from negative employment action by Florida Statute 448.102(1)-(3), commonly known as Florida's "whistleblower statute," which in relevant part provides:

> "An employer may not take any retaliatory personnel action against an employee because the employee has:
>
> (1) Disclosed, or threatened to disclose, to any appropriate governmental agency, under oath, in writing, an activity, policy, or practice of the employer that is in violation of a law, rule, or regulation. However, this subsection does not apply unless the employee has, in writing, brought the activity, policy, or practice to the attention of a supervisor or the employer and has afforded the employer a reasonable opportunity to correct the activity, policy, or practice;
>
> (2) Provided information to, or testified before, any appropriate governmental agency, person, or entity conducting an investigation, hearing, or inquiry into an alleged violation of a law, rule, or regulation by the employer, and;
>
> (3) Objected to, or refused to participate in, any activity, policy, or practice of the employer which is in violation of a law, rule, or regulation."

49. **HARDEN** did engage in statutorily protected activity under F.S. §448(1), (2) and (3).

50. Immediately after engaging in statutorily protected activity, **HARDEN** suffered negative employment action, her termination, which is a direct result of her statutorily protected activity.

51. **HARDEN**'s termination and her engaging in statutorily protected activity are causally related.

52. The Defendant knew that **HARDEN** was engaged in protected conduct as referenced herein.

53. The Defendant discharged, terminated, threatened, disciplined and harassed **HARDEN** from her employment, and otherwise retaliated against her because of her protected conduct.

54. As a direct and proximate result of the violations of F.S. § 448.102, as referenced and cited herein, **HARDEN** has lost all of the benefits and privileges of her employment and has been substantially and significantly injured in her career path that was anticipated from her employment.

55. As a direct and proximate result of the violations of F.S. §448.102, as referenced and cited herein, and as a direct and proximate result of the prohibited acts perpetrated against her, **HARDEN** is entitled to all relief necessary to make her whole.

56. The Defendant's negative employment actions against **HARDEN** continued until her termination and this count is timely filed.

**WHEREFORE,** Plaintiff demands damages against Defendant for violation of Florida's Private Sector Whistle-blower's Act (Section 448.102, Fla. Stat.), including but not limited to all relief available under Section 448.103, Fla. Stat., such as:

(a) an injunction restraining continued violation of this act,

(b) reinstatement of the employee to the same position held before the retaliatory personnel action, or to an equivalent position,

(c) reinstatement of full fringe benefits and seniority rights,

(d) compensation for lost wages, benefits, and other remuneration,

(e) any other compensatory damages allowable at law,

(f) attorney's fees, court costs and expenses, and

(g) such other relief this Court deems just and proper.

## DEMAND FOR JURY TRIAL

**NOW COMES** the Plaintiff, **ERICA HARDEN**, by and through her undersigned attorneys, and demands a jury trial under Federal Rule of Civil Procedure 38 on all issues triable of right by a jury in this action.

Respectfully submitted,

Dated: September 21, 2021    **/s/ Benjamin H. Yormak**
Benjamin H. Yormak
Florida Bar Number 71272
Lead Counsel for Plaintiff
YORMAK EMPLOYMENT & DISABILITY LAW
9990 Coconut Road
Bonita Springs, Florida 34135
Telephone: (239) 985-9691
Fax: (239) 288-2534
Email: byormak@yormaklaw.com